## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, AFL-CIO, LOCAL 198, and WILLIAM DiLORENZO, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>CITY OF ATLANTIC CITY, NEW JERSEY, CHARLES RICHMAN, COMMISSIONER OF NEW JERSEY DEPARTMENT OF COMMUNITY SERVICES, sued in his official capacity, TIMOTHY CUNNINGHAM, DIRECTOR OF NEW JERSEY DEPARTMENT OF COMMUNITY SERVICES, DIVISION OF LOCAL GOVERNMENT SERVICES, sued in his official capacity, and JEFFREY CHIESA, DESIGNEE OF THE DIRECTOR OF NEW JERSEY DEPARTMENT OF COMMUNITY SERVICES, DIVISION OF LOCAL GOVERNMENT SERVICES, sued in his official capacity,<br><br>        Defendants. | Case No. _____<br><br>*Electronically Filed*<br><br>**NOTICE OF REMOVAL<br>TO FEDERAL COURT**<br><br>[Previously pending in the Superior Court of New Jersey, Law Division, Atlantic County, ATL-L-222-17] |

TO:    CHIEF JUDGE AND JUDGES OF THE
           UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY

ON NOTICE TO:

    Clerk of the Court, Law Division
    Superior Court of New Jersey, Atlantic County
    1201 Bacharach Blvd.
    Atlantic City, New Jersey 08401

Honorable Julio L. Mendez, A.J.S.C.
Superior Court of New Jersey, Atlantic County
Atlantic County Civil Courts Bldg.
1201 Bacharach Blvd.
Atlantic City, New Jersey 08401

Michael A. Bukosky
LOCCKE, CORREIA & BUKOSKY
24 Salem Street
Hackensack, New Jersey 07601
*Attorneys for Plaintiffs*
*International Association of Fire Fighters, AFL-CIO, Local 198 and*
*William DiLorenzo*

**PLEASE TAKE NOTICE** that Defendants City of Atlantic City, New Jersey ("Atlantic City"), Charles Richman, Timothy Cunningham, and Jeffrey Chiesa (collectively, "Defendants") hereby give notice of the removal of the above-captioned action from the Superior Court of New Jersey, Law Division, Atlantic County, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1441 and § 1446, as amended, and in accordance with 28 U.S.C. §1331.

In support of this Notice of Removal, Defendants state:

1. Plaintiffs International Association of Fire Fighters, AFL-CIO, Local 198 ("IAFF Local 198") and William DiLorenzo (collectively, "Plaintiffs") commenced this action on or about February 1, 2017 by transmitting a copy of Plaintiffs' Verified Complaint, Order to Show Cause with Temporary Restraints, Order to Show Cause with Preliminary Injunction, Brief in Support of Request for Injunctive Relief, and accompanying certifications via electronic mail to the Honorable Julio L. Mendez, A.J.S.C., Superior Court of New Jersey, Atlantic County, and simultaneously filing a copy of the same with the Clerk of the Court via Federal Express (the "State Court Action").

2. Defendants were served with a copy of the Complaint and Order to Show Cause on February 1, 2017.

3. Plaintiffs' Complaint asserts claims against Defendants in connection with Defendants' notice of their intent to modify, in accordance with the statutory powers vested in the Municipal Stabilization and Recovery Act ("M.S.R.A."), codified at N.J.S.A. 52:27BBBB-1, *et seq.*, the collective negotiations agreement between the Atlantic City and the IAFF Local 198.

4. Defendants submit that each of the claims asserted by Plaintiffs are frivolous, but because Plaintiffs' claims arise under and implicate the Constitution of the United States, Defendants hereby seek to remove the State Court Action to the United States District Court for the District of New Jersey.

5. Defendants further submit that Plaintiffs' Order to Show Cause and request for temporary restraints are moot. As set forth in Defendants' letter of January 31, 2017, attached hereto as Exhibit A, which was sent to both Plaintiffs' counsel and the State Court, Defendants have agreed not to implement any of the actions that are the subject of Plaintiffs' Complaint and Order to Show Cause and to maintain the status quo until February, 19, 2017.

6. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants and/or filed in the State Court Action are attached to this Notice as Exhibit B.

7. Under New Jersey civil practice rules, Defendants have until March 8, 2017 to answer, move to dismiss, or otherwise respond to the Complaint. As a result, no Defendant's time to respond to the Complaint has expired. Defendants expressly reserve their rights under Fed. R. Civ. P. 81 to hereafter answer or present other defenses or objections in accordance with the Federal Rules of Civil Procedure.

8. Pursuant to 28 U.S.C. § 1446(b), a Notice of Removal must be filed within 30 days of service of the Complaint. Because Defendants were served February 1, 2017 and this Notice of Removal is being filed February 2, 2017, it is timely.

9. Concurrent with the filing of this Notice, and in accordance with 28 U.S.C. § 1446(d), Defendants are serving this Notice on Plaintiffs' counsel and filing a copy of the Notice with the Clerk of the Superior Court of New Jersey, Law Division, Atlantic County, along with a Notice of Notice of Removal, in the form attached as Exhibit C.

10. Each of the Defendants join-in and consent to the removal of this action.

11. The United States District Court for the District of New Jersey includes Atlantic County, where the State Court Action is now pending. Venue is therefore proper for this Notice of Removal under 28 U.S.C. §§ 110 and 1446(a).

## Background and Procedural History

12. On January 31, 2017, Plaintiffs filed a Verified Complaint, Order to Show Cause with Temporary Restraints, Order to Show Cause with Preliminary Injunction, Brief in Support of Request for Injunctive Relief, and accompanying certifications based upon the same allegations that are the subject of the State Court Action. That action was filed with the Superior Court of New Jersey, Atlantic County and docketed as ATL-L-208-17 (the "First Action").

13. The First Action asserted thirteen separate causes of action against Defendants, including claims arising under the Constitution and laws of the United States. Among Plaintiffs' causes of action were claims for purported violation of the Contract Clause of the United States Constitution as well as the First and Fourteenth Amendments to the United States Constitution.

14. On January 31, 2017, Defendants filed a Notice of Removal to remove the First Action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1441 and § 1446, as amended, and in accordance with 28 U.S.C. §1331.

15. As a result, the First Action was removed to the District of New Jersey, assigned to the Hon. Renee Marie Bumb, U.S.D.J. and designated as Civil Action No. 1:17-cv-00665-RMB-JS.

16. On February 1, 2017, Plaintiffs filed a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), voluntarily dismissing the First Action without prejudice.

17. The next day, Plaintiffs filed the State Court Action. Plaintiffs' renewed filing of the State Court Action is nothing but forum shopping, gamesmanship, and a blatant attempt to strip this Court of jurisdiction on a matter of federal question.

18. The State Court Action reasserts all of the same factual allegations as the First Action, but purports to disavow "any federal claims, constitutional or otherwise." <u>See</u> Exhibit B, Compl. at ¶ 3.

19. Plaintiffs' accompanying Memorandum of Law filed together with the Verified Complaint, however, makes clear that the true nature of Plaintiffs' claims arise out of the United States Constitution.

20. Plaintiffs cannot simply label their claims as arising under the New Jersey Constitution in order to avoid federal jurisdiction where a federal question is undeniably raised, and this Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331.

**<u>Removal Is Proper Because This Court Has Original Jurisdiction</u>**

21. Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

22. Because this Court has original subject matter jurisdiction over this action, Defendant may remove this action pursuant to 28 U.S.C. §§ 1441(a) and 1446.

23. Pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or <u>other paper</u> from which it may first be ascertained that the case is one which is or has become removable." (Emphasis added.)

24. Plaintiffs' Memorandum of Law constitutes "other paper" that Defendants received from Plaintiffs from which Defendants ascertained a basis for removing this case.

25. In support of their application for temporary restrains purportedly based on the Contracts Clause of the New Jersey Constitution (art. IV, § VII, ¶ 3), Plaintiffs rely exclusively on federal case law that does not contemplate the New Jersey Contracts Clause but instead interprets the federal Contracts Clause of the United States Constitution (art. I, § 10, cl. 1). <u>See</u> Exhibit B, Pls. Br. at 12-16. In this way, Plaintiffs reveal that their Contracts Clause claim is actually predicated on the United States Constitution.

26. Moreover, Plaintiffs' claims are brought on behalf of and relate to Atlantic City firefighters that are funded by a federal SAFER hiring grant. SAFER grants are authorized pursuant to the Federal Fire Prevention and Control Act of 1971, 15 U.S.C. § 2229a, and Appendix C to the FY 2014 Funding Opportunity Announcement outlines all requirements that SAFER grant receipts are required to adhere to. As a result, Plaintiffs' claims vis-à-vis the firefighters funded by the SAFER grant are controlled by federal law.

27. As a result of the foregoing, this action "aris[es] under the Constitution, laws, or treaties of the United States," and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

28. This Court also has original jurisdiction over all remaining state law claims pursuant to 28 U.S.C. § 1367 because such claims are so related to Plaintiffs' federal law claims that they form a part of the same case or controversy.

29. No admission of fact, law or liability is intended by the filing of this Notice of Removal. Defendants hereby preserve any and all defenses, objections and/or motions available under state and/or federal law.

## CONCLUSION AND PRAYER

WHEREFORE, pursuant to 28 U.S.C. §§ 1441 and 1446, as amended, and in accordance with 28 U.S.C. § 1331 and 1367, Defendants respectfully remove the above-captioned civil action, which is currently pending in the Superior Court of New Jersey, Atlantic County, to the United States District Court for the District of New Jersey, and request that all further proceedings be conducted in this Court as provided by law.

Dated: February 2, 2017

*/s/ Ronald L. Israel*
Ronald L. Israel
CHIESA SHAHINIAN & GIANTOMASI PC
One Boland Drive
West Orange, NJ 07052
*Counsel for Defendants*
*City of Atlantic City, New Jersey, Charles Richman, Timothy Cunningham, and Jeffrey Chiesa*