[Docket No. 5]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF ATLANTIC CITY NEW JERSEY, et al., <br><br> Defendants. | Civil No. 17-725 (RMB/JS) <br><br> **OPINION** |

APPEARANCES:

Michael A. Bukosky, Esq.
Loccke & Correia, PA
24 Salem Street
Hackensack, NJ 07601

Megan K. Mechak, Esq.
Diana Jane Nobile, Esq.
Woodley & McGillivary
1101 Vermont Avenue NW, Suite 1000
Washington, DC 20005
   *Attorneys for Plaintiffs International Association of Fire*
   *Fighters, AFL-CIO Local 198, and William DiLorenzo,*
   *on behalf of himself and all others similarly situated*

Ronald Lawrence Israel, Esq.
Chiesa Shahinian & Giantomasi PC
The Office at Crystal Lake
One Boland Drive
West Orange, NJ 07052
   *Attorney for Defendants City of Atlantic City, New Jersey,*
   *Charles Richman in his official capacity as Commissioner of*
   *the New Jersey Department of Community Services, Timothy*
   *Cunningham in his official capacity as Director of the New*
   *Jersey Department of Community Services, Division of Local*
   *Government Services, and Jeffrey Chiesa in his official*
   *capacity as Designee of the Director of the New Jersey*

>  *Department of Community Services, Division of Local Government Services*

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon the Emergency Motion to Remand and for Attorneys' Fees and Costs by Plaintiffs International Association of Fire Fighters, AFL-CIO Local 198, and William DiLorenzo, on behalf of himself and all others similarly situated (collectively, the "Plaintiffs") [Docket No. 5]. The Court has reviewed the parties' submissions and, for the reasons set forth herein, the Plaintiffs' motion will be granted, insofar as it seeks remand to state court, and denied, insofar as it seeks attorneys' fees and costs.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On January 31, 2017, Plaintiffs filed a verified complaint in the Superior Court of New Jersey against the City of Atlantic City, New Jersey, Charles Richman in his official capacity as Commissioner of the New Jersey Department of Community Services, Timothy Cunningham in his official capacity as Director of the New Jersey Department of Community Services, Division of Local Government Services, and Jeffrey Chiesa in his official capacity as Designee of the Director of the New Jersey Department of Community Services, Division of Local Government Services (collectively, the "Defendants"). In their verified complaint, Plaintiffs alleged several claims under both the United States

2

and New Jersey Constitutions.  The Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(a).  Plaintiffs thereafter voluntarily dismissed that action.  Civ. A. No. 17-665 (RMB/JS) [Docket Nos. 1, 3].

The next day, on February 1, 2017, after the voluntary dismissal, Plaintiffs filed the instant action in the Superior Court of New Jersey.  In their refiled verified complaint, Plaintiffs exclusively allege violations of the New Jersey Constitution and other New Jersey state laws.  Unlike the initial verified complaint, this verified complaint does not include any federal causes of action and, in fact, explicitly states that "[t]his action does not assert any federal claims, constitutional or otherwise."  Compl. ¶ 4 [Docket No. 1-2].  In the verified complaint and accompanying Order to Show Cause, Plaintiffs seek to restrain and enjoin Defendants from implementing certain changes to the terms and conditions of employment of the firefighters employed by the City of Atlantic City, pursuant to the New Jersey Municipal Stabilization and Recovery Act, N.J.S.A. § 52:27BBBB-1, et seq., which Plaintiffs allege violate their constitutional rights under the New Jersey Constitution.

On February 2, 2017, the Honorable Julio Mendez of the Superior Court of New Jersey issued an Order to Show Cause with Temporary Restraints and set the matter down for a preliminary

injunction hearing on February 13, 2017. Order to Show Cause, Defs. Opp. Ex. G [Docket No. 7-12]. That same day, Defendants removed the action to federal court, purportedly on the basis of federal question jurisdiction. Notice of Removal ¶¶ 20-27 [Docket No. 1]. Plaintiffs now move for remand to the New Jersey Superior Court and an award of attorneys' fees and costs.

II.  **LEGAL ANALYSIS**

   A. <u>Remand to the Superior Court of New Jersey</u>

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Therefore, an action filed in state court that arises under the United States Constitution or other federal laws may be removed to federal court.

A district court, however, <u>must</u> remand an action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Defendants, as the party asserting federal jurisdiction in this removal action, "bear[] the burden of

4

showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009) (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)).

The United States Supreme Court has made clear that "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, (1987). Here, Defendants have removed this action to federal court solely on the basis of federal question jurisdiction. Notice of Removal ¶¶ 20-27 [Docket No. 1].

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392 (citing Gully v. First Nat. Bank, 299 U.S. 109, 112-13 (1936)). Accordingly, it is well-established that "[t]he rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. (emphasis added); accord

Briones v. Bon Secours Health Sys., 69 F. App'x 530, 534 (3d Cir. 2003); Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 228 (3d Cir. 1995). In other words, "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 809 n. 6 (1986). Federal question jurisdiction does not exist merely because the facts alleged by the plaintiff in support of a state law claim may also support a federal claim. See Gateway 2000, Inc. v. Cyrix Corp., 942 F. Supp. 985, 990 (D.N.J. 1996) ("A plaintiff asserting facts that may invoke either Federal or state jurisdiction may choose to limit the claim to one based solely upon state law and proceed in state court.") (citing Oklahoma Tax Comm'n v. Graham, 489 U.S. 838, 840-41 (1989); United Jersey Banks v. Parell, 783 F.2d 360, 368 (3d Cir. 1986)).

What's more, the United States Supreme Court has held that:

> the presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule-- that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that <u>the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court</u>. . . . <u>[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law</u>, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing.

6

Caterpillar, 482 U.S. at 398-99 (emphasis added).  As a result, "[t]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction."  Smith v. Indus. Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992) (quoting Merrell Dow, 478 U.S. at 813).  Similarly, a defendant "cannot simply cite to a federal regulation that does not give rise to a private cause of action in order to satisfy federal subject matter jurisdiction." Kalick v. Nw. Airlines Corp., 372 F. App'x 317, 320–21 (3d Cir. 2010) (citing Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 701 (2006)).

    For the following reasons, the Court holds that it does not have subject matter jurisdiction over this action and that remand is required.  This Court does not have federal question jurisdiction over Plaintiffs' claims under the New Jersey Constitution simply because Plaintiffs could have also asserted claims under the analogous provisions of the United States Constitution.  Such a rule would render the New Jersey Constitution superfluous.  Moreover, every state action alleging state law claims that have an analogous federal law would then be removable to federal court.  Such an outcome is contrary to well-established precedent, Congressional intent, and principles

7

of federalism.[1]  See, e.g., Boone v. Local Union 475 Pipefitters/Steamfitters, 2016 WL 7325472, at *2-3 (D.N.J. Dec. 16, 2016) ("Indeed, if the mere possibility that this Court might need to refer to the terms of a CBA were to give rise to federal jurisdiction over the plaintiff's NJLAD claims, then 'all discrimination actions brought by unionized employees would be preempted because the starting point for every case would have to be the [CBA].'") (internal citations omitted); Brown v. Parsons Inspection, 2012 WL 4955252, at *3 (D.N.J. Oct. 16, 2012) ("Defendant might attempt to cast Plaintiff's claim for discrimination as a claim arising under federal anti-discrimination law rather than state anti-discrimination law. But Plaintiff is the 'master of the complaint,' and he has given no indication that he wishes to pursue a federal discrimination claim."); Snyder v. Dietz & Watson, Inc., 837 F. Supp. 2d 428, 447 (D.N.J. 2011) ("In this case, although Plaintiff could have alleged that a provision in the CBA allowing wage deductions for shortage violated New Jersey law, he did not do so.  As the

---

[1] Defendants do not argue that Plaintiffs' claims fall under the "complete preemption" exception to the well-pleaded complaint rule, likely for this very reason.  Under the complete preemption exception, federal question jurisdiction exists where "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  Caterpillar, 482 U.S. at 393 (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)).

master of the complaint, Plaintiff may bring a state law claim even though he could have brought a similar suit under the CBA.").

Defendants' attempts to inject federal questions into Plaintiffs' claims are non-meritorious.[2] Plaintiffs have made clear that they seek to litigate this action before the New Jersey Superior Court, not in federal court. To ensure that the action remains in state court, Plaintiffs have expressly and unequivocally disavowed any and all federal claims that they may have otherwise been entitled to pursue. They have chosen to forgo any additional protections or remedies that the United States Constitution or federal law may provide them. That is their prerogative as the masters of their complaint. If, however, Defendants were able to involuntarily drag Plaintiffs into federal court on the basis of federal claims that Plaintiffs have explicitly disavowed, Defendants would commandeer the litigation, overthrowing Plaintiffs as the masters of their own action.[3]  See Caterpillar, 482 U.S. at 399;

---

[2] The Court likewise rejects Defendants' argument that the Plaintiffs' claims are governed by federal law by virtue of the SAFER grant, which funds certain firefighters' salaries. The fact that the federally-authorized SAFER grant funds some portion of the firefighters' salaries does not transform Plaintiffs' state law claims into federal claims. See, e.g., Kalick, 372 F. App'x at 320-21; Smith, 957 F.2d at 93.

[3] Defendants cannot, by simply calling Plaintiffs' New Jersey Constitution claims United States Constitution claims,

9

Davis v. Yates, 2016 WL 3921146, at *1 (D.N.J. July 20, 2016) ("Of course, the plaintiff is master of his complaint, and a plaintiff may opt to sue in State court only under the State constitution.").

Additionally, "[i]t is axiomatic that the complaint may not be amended by [a plaintiff's] briefs." Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988). Plaintiffs' reliance upon case law interpreting analogous provisions of the United States Constitution does not mean that Plaintiffs' claims under the New Jersey Constitution have been amended or supplemented to include federal causes of action. Instead, the "references to federal law merely inform [Plaintiffs'] state law claims." Ruzich v. Volkswagen Grp. of Am., Inc., 2016 WL 5858652, at *2 (D.N.J. Oct. 4, 2016).

Accordingly, as Plaintiffs have not asserted any federal claims, the Court finds that it lacks subject matter jurisdiction over this action. Remand to the state court is, therefore, necessary.

### B. Attorneys' Fees and Costs

The Court next turns to Plaintiffs' request for attorneys' fees and costs. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any

---

transform the state law claims into federal claims to create federal question jurisdiction.

10

actual expenses, including attorney fees, incurred as a result of the removal."  However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005).

    While the Court finds that removal was inappropriate in this case and that remand to the state court is required, the Court further finds that Defendants did not altogether lack an objectively reasonable basis for removal.  Defendants relied largely upon Plaintiffs' preliminary injunction brief [Docket No. 1-3], which cited predominantly to federal court decisions addressing the United States Constitution, rather than state court cases involving the New Jersey Constitution, to demonstrate that Plaintiffs' claims arise under federal law.  Defendants' reliance on Plaintiffs' brief, while ultimately misguided for the reasons set forth above, was not unreasonable.  The removal statute itself notes that, under certain circumstances, the basis for removal may be ascertained through service of "an amended pleading, motion, order or <u>other paper</u>."  28 U.S.C. § 1446(b)(3) (emphasis added).  Plaintiffs' brief ("other paper") relied primarily on federal law.  Hence, much of this confusion was of Plaintiffs' own making.  Even though

11

Defendants' removal was improper, the parties' litigation history, the Defendants' prior proper removal in Civil Action No. 17-665 (RMB/JS), and Plaintiffs' almost exclusive reliance upon federal court decisions interpreting the United States Constitution in its preliminary injunction brief persuade this Court that Defendants did not lack an objectively reasonable basis for removal. For this reason, the Court denies Plaintiffs' request for attorneys' fees and costs.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand and for Attorneys' Fees and Costs is granted, in part, and denied, in part. The above-captioned matter shall be remanded to the Superior Court of New Jersey, Law Division, Atlantic County. Plaintiffs' request for attorneys' fees and costs is denied. An appropriate Order shall issue on this date.

s/Renée Marie Bumb  
RENÉE MARIE BUMB  
UNITED STATES DISTRICT JUDGE

Dated: February 10, 2017